## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

BRIAN MARQUEZ MARASIGAN,
DOB: 02/19/1977

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0524-19**
GPD Report No. 19-27223/19-27265/19-27693

**DECISION & ORDER
RE. MOTION TO DETERMINE
SENTENCING RANGE FOR
VIOLATIONS OF 9 GCA § 67.401.1**

This matter came before the Honorable Alberto E. Tolentino on February 18, 2025, for a motion hearing. Defendant Brian Marquez Marasigan ("Defendant") was present with counsel Attorney Yusuke Udagawa-Hoffeman. Assistant Attorney General Emily Rees was present for the People of Guam ("People"). The Defendant previously filed a Motion to Determine Sentencing Range for violations of 9 GCA § 67.401.1 on December 11, 2024. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order addressing the appropriate sentencing range for violations of 9 GCA § 67.401.1.

\\

\\

## BACKGROUND

On October 3, 2019, the Defendant was charged via Indictment with: (1) POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a First Degree Felony); and (2) CONSPIRACY TO POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a First Degree Felony). *See* Indictment (Oct. 3, 2019). Due to several bench warrants, withdrawals of counsel, and prolonged plea negotiations, the Defendant did not proceed to trial on this case until October 7, 2024.

Jury selection and trial commenced on October 7, 2024, and continued until October 11, 2024. After the People rested its case on October 10, 2024, the Defendant made a motion for judgment of acquittal as to both charges against him. Ultimately, the court granted the Defendant's acquittal as to the second charge of CONSPIRACY TO POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a First Degree Felony). *See* Jury Trial Mins. at 1:42:07 – 47:05PM (Oct. 10, 2024). On October 11, 2024, a jury of twelve found the Defendant guilty as to the charge of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a First Degree Felony).

Prior to the sentencing hearing scheduled for January 23, 2025, the Defendant filed a Motion to Determine Sentencing Range for violations of 9 GCA § 67.401.1 ("Motion") on December 11, 2024. *See generally* Mot. Sentencing Range (Dec. 11, 2024). However, the People filed its Response to the Defendant's Motion ("Response") on January 23, 2025; the day of the Defendant's sentencing. *See generally* Ppl.'s Response (Jan. 23, 2025). As a result, the court granted the Defendant's oral request for leave of court to file a Reply to the People's Response. *See* Sentencing Hr'g Mins. at 2:10:21 – 13:31PM (Jan. 23, 2025). The court then scheduled a

motion hearing for February 18, 2025, at 2:00PM. *Id.* The Defendant subsequently filed his Reply on January 30, 2025. *See* Reply (Jan. 30, 2025).

At the motion hearing, the Defendant argued that he should be sentenced pursuant to Title 9 GCA § 67.401.4(e), which calls for a sentence of no more than five (5) years. *See* Mot. Hr'g Mins. at 2:08:21 – 45:47PM (Feb. 18, 2025). In response, the People stated that 9 GCA § 67.401.4(a) is the more appropriate sentencing subsection, which calls for no less than twenty (20) years. *Id.* After hearing the parties' argument on the Motion, the court took the matter under advisement.

## DISCUSSION

### A. This Decision & Order applies to violations of 9 GCA § 67.401.1 before the Guam Legislature amended 9 GCA § 67.401.4 through P.L. 37-113.

Before determining the appropriate sentencing range in this case under 9 GCA § 67.401.4, the court must address this statute's recent amendment on July 22, 2024. On this date, the Guam Legislature passed and the Governor signed into law P.L. 37-113, which added sentencing guidelines "based on purity and weight of controlled substances (fentanyl, fentanyl analogue, and methamphetamine); and removed the applicability of the Justice Safety Valve Act." People v. Davis (CF0332-23) Decision & Order at 2 (Apr. 23, 2025).

While not a binding decision for this court, this court acknowledges recent Decisions & Orders from other courts, restricting its decision to violations of 9 GCA § 67.401.1 that occurred before 9 GCA § 67.401.4(a)'s amendment on July 22, 2024. *See* People v. Davis (CF0332-23) Decision & Order at 2 (Apr. 23, 2025). Given that the Defendant in this case was charged with violating 9 GCA § 67.401.1 as the Guam Uniform Controlled Substances Act ("GUCSA") was written on October 3, 2019, this court also finds it appropriate to restrict this Decision and Order's applicability to violations of 9 GCA § 67.401.1 *before* its amendment in 2024.

## B. The plain meaning of 9 GCA § 67.401.4 is unambiguous.

"If a statute is unambiguous, then the judicial inquiry into the meaning of the statute is complete." *People v. Lau*, 2007 Guam 4 ¶ 14 (citing *People v. Quichocho*, 1997 Guam 13 ¶ 5). If statutes are subject to conflicting interpretations, then courts "must try to read the [apparently conflicting] statutes in a harmonious manner." *People v. Reselap*, 2022 Guam 2 ¶ 54. To determine the plainness or ambiguity of statutory language, courts reference "the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Lau*, 2007 Guam 4 ¶ 14 (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)); *see also In re D.S.*, 2023 Guam 13 ¶ 27 (quoting *Amerault v. Intelcom Support Servs., Inc.*, 2004 Guam 23 ¶ 14).

Title 9 GCA § 67.401.4, which is entitled "Prison Term for Drug Offenders," outlines the imprisonment sentences for people convicted of offenses under § 67.401.1. Here, a jury convicted the Defendant of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a 1st Degree Felony) after determining that the essential elements contained within 9 GCA § 67.401.1 were met. Depending on the circumstances of each case, people convicted of offenses under 9 GCA § 67.401.1 are sentenced in accordance with one of § 67.401.4's fifteen subsections.

In *this* case, the People viewed the statutes as subject to conflicting interpretation citing to the statute's legislative intent through past public hearings. *See generally* Ppl.'s Response (Jan. 23, 2025). Ultimately, the People argue that the Defendant's conviction warrants sentencing under 9 GCA § 67.401.4(a), which reads as follows:

> If he is guilty of an offense pursuant [to] § 67.401.1(b)(1) of this Act, he shall be sentenced to imprisonment for not less than twenty (20) nor more than thirty (30) years, and may, in addition, be fined not more than Fifty Thousand Dollars ($50,000). The sentence shall include a special parole term of not less than three

(3) years, in addition to such term of imprisonment. Imposition or execution of such sentence shall not be suspended, and probation shall not be granted. Parole or work release shall not be granted to the offender until he has served at least twenty (20) years of his sentence of imprisonment.

9 GCA § 67.401.4(a) (2022). In contrast, the Defendant argues that the plain meaning of 9 GCA § 67.401.4 controls, since it is unambiguous. *See* Mot. Sentencing Range at 1–2 (Dec. 11, 2024). As a result, the Defendant believes that he should be sentenced in accordance with subsection (e), which states that:

> If he is guilty of an offense involving a controlled substance listed in Schedule I or II of this Act which is not a narcotic drug or a controlled substance listed in Schedule III of this Act he shall be sentenced to a term of imprisonment of not more than five (5) years and may be fined not more than Fifteen Thousand Dollars ($15,000.00). The sentence shall include a special parole term of not less than two (2) years in addition to such term of imprisonment. Imposition or execution of such sentence shall not be suspended and probation shall not be granted.

9 GCA § 67.401.4(e) (2022). To determine the plain meaning of 9 GCA §§ 67.401.4(a) and (e), the court must review the statutory language of each subsection, the specific context of each subsection's language, and § 67.401.4 as a whole.

Title 9 GCA § 67.401.4(a) applies to the following scheduled controlled substances referenced in § 67.401.1(b)(1): Schedule I, II, and III. On the other hand, subsection (e) controls to the sentencing of offenses involving non-narcotic Schedule I or II controlled substances, and Schedule III controlled substances. GUCSA defines a narcotic drug as:

(1) Opium, opium derivative and any derivative of either, including any salts, isomers and salts of isomers of them that are theoretically possible within the specific chemical designation, but not isoquinoline alkaloids of opium;
(2) synthetic opiate and any derivative of synthetic opiate, including any isomers, esters, ethers/salts, and salts of isomers, esters, and ethers of them that are theoretically possible within the specific chemical designation;
(3) poppy straw and concentrate of poppy straw;
(4) coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine and derivatives of ecgonine, or their salts, have been removed;
(5) cocaine, or any salt, isomer or salt of isomer of cocaine;
(6) cocaine base;

(7) ecgonine, or any derivative, salt, isomer or salt of isomer of ecgonine; and

(8) compound, mixture or preparation containing any quantity of a substance listed in this Paragraph.

9 GCA § 67.101(u) (2022). Under Appendix B of GUCSA, certain Schedule II controlled substances are also considered a narcotic drug.[1] Although Appendix B classifies methamphetamine as a Schedule II controlled substance, it is not also defined as a narcotic drug. Specifically, it is listed as a stimulant under Appendix B(c). While all narcotic drugs are controlled substances, ranging between Schedules I through V, not all controlled substances are defined as narcotic drugs.

When looking at 9 GCA § 67.401.4 as a whole, the prison terms for drug offenders initially depend on the type of controlled substance involved. For instance, subsections (a) through (f) and (m) apply to offenses involving Schedule I, II, or III controlled substances. Subsections (g) and (h) apply to Schedule IV controlled substances. And subsections (i) and (j) apply to offenses involving Schedule V controlled substances. Because there may be more than one subsection that reference the same level of a controlled substance, the additional factors within a certain subsection serve to narrow the options down to one that encompasses all the applicable circumstances of a specific case. Those additional factors include: whether the person is a drug offender with a prior drug conviction;[2] whether the person committed the offense while released on bail;[3] whether the controlled substance involved is classified as a narcotic drug;[4] or whether

---

[1] 9 GCA § 67.205 states that the Schedule II controlled substances are listed in Appendix B. After cross-referencing Appendix B and 9 GCA § 67.101(u)'s list of narcotic drugs, the following narcotic drugs were also listed as Scheduled II controlled substances under Appendix B: Opium under Appendix B (a)(1) and (2); poppy straw under (a)(3); coca leaves under (a)(4); and concentrate of poppy straw under (a)(5). *See* Title 9 GCA Chapter 67 (2022).
[2] *See* 9 GCA §§ 67.401.4(b), (f), (h), (j), and (m) (2022).
[3] *See* 9 GCA § 67.401.4(c) (2022).
[4] *See* 9 GCA §§ 67.401.4((b), (d), (e), (f), (h), (j) and (m) (2022).

"the primary purpose of enabling him to obtain a narcotic drug which he requires for his personal use because of his addiction to such drug."[5]

This court finds no ambiguity in that portion of the GUCSA that provides prison terms for drug offenders based on the level of the controlled substance involved in a case. Thus, the plain meaning of 9 GCA § 67.401.4 controls.

**C. Title 9 GCA § 67.401.4(e) is the appropriate sentencing range for Defendant Marasigan as a first-time drug offender, convicted of an offense involving a non-narcotic Schedule II controlled substance.**

In his Motion, the Defendant argued the well-settled principle that "a narrower, more specific provision of a statute takes precedence over a more general provision of the same statute with respect to the same subject matter." *Camacho v. Estate of Gumataotao*, 2010 Guam 1 ¶ 19. Because there are more than one provision involving the same level of a controlled substance, the court agrees with the Defendant that the narrower provision must be applied.

The circumstances in the Defendant's case are as follows: the Defendant was convicted of an offense under 9 GCA § 67.401.1; methamphetamine was the Schedule II controlled substance involved; methamphetamine is not a narcotic drug; and this case is the Defendant's first drug conviction. 9 GCA § 67.401.4(a) would apply to intent to deliver Schedules I, II, and III controlled substances for first-time drug offenders. Although the Defendant's case involves these elements under § 67.401.4(a), this subsection broadens its applicability to both narcotic and non-narcotic drugs. In contrast, 9 GCA § 67.401.4(e) narrows the applicability of its prison terms to those cases involving non-narcotic Schedule II controlled substances; like the case of the Defendant herein.

---

[5] *See* 9 GCA § 67.401.4(d) (2022).

All the circumstances in this case point to 9 GCA § 67.401.4(e) as the appropriate sentencing range for the Defendant's conviction of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a First Degree Felony).

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

## CONCLUSION

For reasons set forth above, the court finds that the appropriate sentencing range for the Defendant Marasigan's conviction for the offense of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a 1st Degree Felony) is zero (0) to five (5) years pursuant to 9 G.C.A. § 67.401.4(e).

**SO ORDERED** this _____ MAY 1 6 2025 _____.



_____

**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG, posc

Date: 5/16/25 Time: 4:20 pm

Antonio A Cruz

Deputy Clerk, Superior Court of Guam